## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| FLOURISH HOME INVESTORS, LLC | ) | Case No. 20-71357-jwc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DLP LENDING FUND, LLC | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | |
| FLOURISH HOME INVESTORS, LLC, | ) | |
| and | ) | |
| CATHY L. SCARVER, CHAPTER 7 | ) | |
| TRUSTEE | ) | |
| | ) | |
| Respondents. | ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that DLP Lending Fund, LLC ("DLP") has filed an Motion to Lift Automatic Stay (the "Motion") on November 24, 2020 with the Court. **FURTHER NOTICE IS GIVEN THAT A HEARING HAS BEEN SCHEDULED ON THE MOTION ON DECEMBER 8, 2020 AT 10:30 A.M. IN COURTROOM 1203 AT THE U.S. COURTHOUSE, 75 TED TURNER DRIVE, SW, ATLANTA, GA 30303.**

*Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website (http://www.ganb.uscourts.gov/) prior to the hearing for instructions on whether to appear in person or by phone.*

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you

have one (if you do not have an attorney, you may wish to consult with one). If you do not want the Court to grant the relief sought in these pleadings, or if you want the Court to consider your view, then on or before December 7, 2020 by 5 p.m. unless otherwise ordered, you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and/or a request for hearing. Any party requesting a hearing shall appear at said hearing in support of such request or may be assessed Court costs.

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above. **IF YOU OR YOUR ATTORNEY DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGH IN THE MOTION AND MAY ENTER AN ORDER GRANTING THAT RELIEF.**

Respectfully submitted this 24th day of November, 2020.

>Respectfully submitted,
>
>**ROGERS LAW OFFICES**
>
>/s/ Beth E. Rogers
>Beth E. Rogers
>Georgia Bar Number 612092
>James F. F. Carroll
>Georgia Bar Number 940350
>Rogers Law Offices
>The Equitable Building
>100 Peachtree Street, Suite 1950
>Atlanta, GA 30303
>(770) 685-6320
>brogers@berlawoffice.com
>*Attorneys for DLP Lending Fund, LLC*

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| FLOURISH HOME INVESTORS, LLC ) | Case No. 20-71357-jwc |
| ) | |
|    Debtor. ) | |
| _____ ) | |
| ) | |
| DLP LENDING FUND, LLC ) | |
| ) | |
|    Movant, ) | |
| ) | |
| v. ) | **CONTESTED MATTER** |
| ) | |
| FLOURISH HOME INVESTORS, LLC, ) | |
| and ) | |
| CATHY L. SCARVER, CHAPTER 7 ) | |
| TRUSTEE ) | |
| ) | |
|    Respondents. ) | |
| _____ ) | |

**DLP LENDING FUND, LLC
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

COMES NOW, DLP Lending Fund, LLC ("DLP"), a secured creditor of Flourish Home Investors, LLC. ("Flourish" or "Debtor"), and for its Motion to Lift Automatic Stay (the "Motion"), respectfully shows this Court the following:

## I.   BACKGROUND FACTS

1. Debtor filed a voluntary petition with this Court under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on November 3, 2020 (the "Petition Date").

2. DLP is a first priority secured creditor of the Debtor pursuant to the following:

> (a) Those certain Security Deeds dated June 13, 2019 ("Security Deeds") between DLP and Flourish whereby Flourish granted DLP a security interest in ten properties located at 4369, 4371, 4373, 4375, 4377, 4381, 4382, 4383, 4384 and 4385 E. Barcelona Way, Augusta, Richmond County, Georgia 30501 (collectively, the "Properties") and the rents thereof ("Rents") which Flourish obtained a loan from DLP to purchase. Copies of the Security Deeds are attached hereto as composite **Exhibit A**;
>
> (b) Those certain ten Notes dated June 13, 2019 (the "Notes") from Flourish to DLP for each of the ten Properties, each in the original principal amount of $153,000.00, for a total of $1,530,000.00 purportedly secured by the Security Deeds. Copies of the Notes are attached hereto as **Exhibit B**.

(c) That certain Loan and Security Agreement from Flourish to DLP dated June 13, 2019 (the "LSA"). A copy of the LSA is attached hereto as **Exhibit C**.

3. On June 12, 2019, DLP wired the sum of $1,521,975.10 (the "Loan Funds") to the closing attorney, Patel & Associates, LLC, for the purchase of the Properties and provided closing instructions (the "Closing Instructions") to the closing law firm, Patel & Associates, LLC to facilitate Flourish's purchase of the Properties.

4. The closing sale of the Properties occurred on June 13, 2019.

5. However, contrary to the Closing Instructions, Patel & Associates, LLC did not record all of the Security Deeds in the real estate records of Richmond County; rather it recorded Security Deeds only for the properties located at 4369, 4371, 4373, 4375, 4377 E. Barcelona Way, Augusta, Richmond County, Georgia 30501 (the "Recorded Security Deeds").

6. Contrary to its representations to DLP, Flourish did not receive title to all of the Properties. It received title only to the Properties located at 4369, 4371, 4373, 4375, 4377 E. Barcelona Way, Augusta, Richmond County, Georgia 30501 (the "Transferred Properties").

7. To date, DLP has not been reimbursed the amount of money intended for the purchase of the other five Properties to which Flourish did not obtain title.

8. Plaintiff then filed suit against, *inter alia*, Debtor in that certain case styled as <u>DLP Lending Fund, LLC v. Flourish Home Investors, LLC, et al.</u> Superior Court of DeKalb County, Case No. 19V9667 ("Injunction Case").

9. On March 13, 2020, Plaintiff received a default judgment against Debtor in the Injunction Case (the "Judgment") in the following amounts:

(a) the principal amount of $1,530,000.00;

(b) accrued interest as of November 20, 2019 in the amount of $112,269.86, plus interest accruing thereafter at the default rate of 24% per annum;

(c) Post judgment interest at the legal rate as provided by law;

(d) Late fees in the amount of $2,675.00;

(e) NSF/Stop Payment fees in the amount of $1,500.00;

(f) Loan release fees in the amount of $2,500.00;

(g) Court costs in the amount of $362.37; and

(h) Statutory attorney fees pursuant to O.C.G.A. § 13-1-11 in the amount of $164,251.98.

A true and correct copy of the Judgment is attached hereto as **Exhibit D**.

10. The Injunction Case is still active and pending against all the other Defendants, except Debtor and its principal, Dorsey Hammond ("Hammond"), who DLP also obtained a Judgment against. DLP is in the midst of extensive discovery in the Injunction Case, and prior to the filing of this Bankruptcy Case, was also seeking discovery from Debtor and Hammond related to the facts at issue in the Injunction Case and for post-judgment discovery.

11. Debtor is presently indebted to DLP in an amount exceeding $2,007,776.85 (the "Total Indebtedness").

12. DLP believes that the fair market value of the Purchased Properties is less than the Total Indebtedness. Accordingly, there is no equity which exceeds the value of the Property.

13. Consequently, DLP's interest in the Properties is not adequately protected.

## II.  DLP'S REQUEST FOR RELIEF FROM AUTOMATIC STAY

14. DLP is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause, because, *inter alia*, DLP's interest in the Transferred Properties and Rents are not adequately protected.

15. Pursuant to the above-referenced Loan Documents, DLP is entitled to adequate protection of its interest in the Transferred Properties and the Rents.

16. DLP is also entitled to relief from the automatic stay as to the Transferred Properties because Flourish does not have sufficient equity therein to secure the Total Indebtedness and because Flourish is seeking to liquidate its assets, making DLP not adequately protected. See 11 U.S.C. § 362(d)(2); United States Savings Association v. Timbers of Inwood Forest, 484 U.S. 365, 375 (1988).

17. DLP is entitled to relief from the automatic stay so that it may exercise all rights which it may have under applicable state law and under the above-referenced Loan Documents to foreclose upon the Transferred Properties, including initiating and completing a judicial foreclosure action against the Debtor, secure or repossess the Transferred Properties, collecting the Rents, or take any and all other activity allowed by state law or under the Loan Documents executed between the DLP and the Debtor in connection with repossession, sale or foreclosure of same, including the sending of any notices in connection therewith.

18. DLP is also entitled to relief from stay to take discovery and depositions of Debtor in connection with pursuant of its claims against the other Defendants in the Injunction Case. See In re Martin, 542 B.R. 199, 203 (6th Cir.BAP (Ohio), 2015)(court may lift stay to permit state court litigation to proceed).!

WHEREFORE, DLP prays that:

(a)   That an expedited hearing be set on the instant Motion;

(b)   That DLP be granted relief from the automatic stay pursuant to 11 U.S.C.§ 362(d)(1);

(c)   That DLP be permitted to exercise all rights which it may have under applicable state law including its right to foreclose upon the Transferred Properties, including initiating and completing a judicial foreclosure action against the Debtor, secure or repossess the Transferred Properties, collecting the Rents, or take any and all other activity allowed by state law or under the Loan Documents executed between the DLP and the Debtor in connection with repossession, sale or foreclosure of same, including the sending of any notices in connection therewith.;

(d)   That DLP be allowed to send any notices, advertise or take any other action in connection with foreclosure or seizure of the Transferred Properties or the exercise of its rights under the Loan Documents;

(e)   That the provisions of rule 4001(3) requiring a fourteen (14) day stay after entry of an order granting relief, do not apply;

(f)   That DLP be granted additional adequate protection of its interests in the Transferred Properties in the event this Court declines to lift or modify the automatic stay;

(h)   That DLP be granted relief from stay relief to take discovery and depositions of Debtor in connection with pursuant of its claims against the other Defendants in the Injunction Case; and

(h)   For such other and further relief as is just and proper.

Respectfully submitted this 24th day of November, 2020.

**ROGERS LAW OFFICES**

/s/ Beth E. Rogers
Beth E. Rogers
Georgia Bar No. 612092
James F. F. Carroll
Georgia Bar No. 940350
Rogers Law Offices
100 Peachtree Street, Suite 1950
Atlanta, GA 30303
(770) 685-6320
brogers@berlawoffice.com
*Attorneys for DLP Lending Fund, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| FLOURISH HOME INVESTORS, LLC | ) | Case No. 20-71357-jwc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DLP LENDING FUND, LLC | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | |
| FLOURISH HOME INVESTORS, LLC, and CATHY L. SCARVER, CHAPTER 7 TRUSTEE | ) | |
| | ) | |
| Respondents. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a true and correct copy of the within and foregoing **Motion to Lift Automatic Stay** upon the following by having a copy of same placed in the United States Mail with adequate postage thereon and properly addressed as follows:

Cathy L. Scarver, Esquire
Bankruptcy Trustee
P.O. Box 672587
Marietta, GA 30006

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Leonard R. Medley III
Medley & Associates, LLC
Bldg. 2, Suite 1450
2727 Paces Ferry Road, SE
Atlanta, GA 30339
Attorney for Debtor

This 24th day of November, 2020.

                              __*/s/ James F. F. Carroll*_____
                              James F. F. Carroll